New York    Paris
Northern California    Madrid
Washington DC    Tokyo
São Paulo    Beijing
London    Hong Kong

**Davis Polk**

**Paul Spagnoletti**

Davis Polk & Wardwell LLP    212 450 4577 tel
450 Lexington Avenue    212 701 5577 fax
New York, NY 10017    paul.spagnoletti@davispolk.com

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/18/2020

February 13, 2020

**VIA ECF**

Honorable Lorna G. Schofield, United States District Judge
Thurgood Marshall U.S. Courthouse, 40 Foley Square
New York, New York 10007

Re: *Am. Bankers Ass'n v. SS&C Techs., Inc.* No. 19-CV-11592

Dear Judge Schofield:

We represent defendant SS&C Technologies, Inc. ("SS&C") in the above-referenced action. Pursuant to § I.B.2 of Your Honor's Individual Rules and Procedures ("Your Honor's Rules"), we write to request an adjournment and stay of SS&C's obligations to exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1). Consistent with § III.A.3 and § III.C.2 of Your Honor's Rules, SS&C will be filing a pre-motion letter detailing the grounds for a forthcoming motion to compel arbitration and, in the alternative, to dismiss Plaintiff's Copyright Act claim tomorrow, February 14, 2020. In short, the contract governing the parties' dispute has a clear arbitration provision that necessitates arbitration of all claims brought in the complaint.

SS&C recognizes that § III.C.2 of Your Honor's Rules states that the Court will not stay discovery "[a]bsent extraordinary circumstances" and submits that such circumstances are present here because the complaint was filed in violation of an express arbitration provision in the contract that governs the parties' dispute. Requiring the parties to proceed with initial disclosures would be contrary to the plain language of the contract agreed to by Plaintiff and subvert the goals and benefits of arbitration. *See e.g., Horton v. Dow Jones & Co., Inc.*, No. 18 CIV. 4027, ECF. No. 25 (S.D.N.Y. Jun. 21, 2018) (Schofield, J.) (staying all discovery pending resolution of motion to compel); *Medidata Sols., Inc. v. Veeva Sys. Inc.,* No. 17 CIV. 589, ECF No. 46 (S.D.N.Y. Mar. 13, 2017) (Schofiled, J.) (granting adjournment of initial disclosures and pre-trial conference pending resolution of motion to compel arbitration.).

During the parties' January 30, 2020 Rule 26(f) conference, SS&C objected that discovery would be premature and inefficient because of its anticipated motion to compel arbitration. On February 11, 2020, in an email to Plaintiff, SS&C reiterated that discovery, including initial disclosures, was not appropriate at this time in light of its planned motion. On February 13, 2020, SS&C again stated that it believed that the parties should not proceed with initial disclosures until after they receive the Court's guidance at the upcoming conference on February 25, 2020. SS&C will also reiterate this objection in the joint letter and proposed case management plan to be filed on February 18, 2020, in compliance with the Court's January 10, 2020 order (ECF No. 19).

Plaintiff's counsel has advised us that Plaintiff does not consent to the requested adjournment and stay of SS&C's obligations to exchange initial disclosures because Plaintiff believes this

action is properly before Your Honor.  Plaintiff proposed a deadline of February 18, 2020 for the parties' initial disclosures, but nevertheless served initial disclosures on February 13, 2020 and took the position that initial disclosures were due on this date.  In light of SS&C's repeated objections to proceeding with discovery and the initial disclosures, and planned objection in the proposed discovery plan, Fed. R. Civ. P. 26(a)(1)(C) does not require SS&C to serve initial disclosures within fourteen days of the Rule 26(f) conference.  *See* Fed. R. Civ. P. 26(a)(1)(C) ("A party must make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference unless a different time is set by stipulation or court order, or *unless a party objects during the conference that initial disclosures are not appropriate in this action and states the objection in the proposed discovery plan*.") (emphasis added).

SS&C previously requested an extension of its time to move, answer, or otherwise respond to Plaintiff's complaint, which was granted by the Court on January 9, 2020.  SS&C has not otherwise requested an adjournment of any dates or deadlines in this action.

Defendant's proposed motion to compel arbitration (see Letter at Dkt. No. 24) and Plaintiff's anticipated response letter, as well as the parties' differing views on a discovery stay, will be discussed at the initial conference. Until further Order, the parties need not make Rule 26 initial disclosures.

The February 25, 2020, 10:30 a.m. initial conference is adjourned until **February 27, 2020, at 2:30 p.m.**  The parties are reminded that their joint letter and proposed case management plan are due at least 7 days before the conference.  SO ORDERED.

The Clerk of Court is respectfully directed to close Dkt. No. 22.

Dated: February 18, 2020
New York, New York

Respectfully submitted,

*/s/ Paul Spagnoletti*

Paul Spagnoletti

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**